UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA-GRACE SANDOVAL,<br>Plaintiff,<br>v.<br>TRAVIS CREDIT UNION,<br>Defendant. | No. 2:26-cv-2309 TLN AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

## I. BACKGROUND

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned for pretrial purposes by Local Rule 302(c)(21). On June 3, 2026, plaintiff paid the filing fee and filed a 73-page complaint asserting that the "Bank 'repossessed automobile today. Put house in default, placed to sell house with county without court, without proving standing, authority, nondisclosure issues, trust issues." ECF No. 1 at 6. The complaint identifies plaintiff as "a creation of the Creator the Living God, a living soul (Genisis 1:26-28, Genesis 2:7, Job 32-21-22), a living breathing woman" whose "rights are granted by my Creator, the Living God" and proclaiming she has been "given domain over land, air, and water by my Creator." ECF No. 1 at 8. The complaint states that plaintiff is a "natural born State National, but not a Citizen of the United States;" plaintiff identifies herself as a "sovereign" citizen. Id. Plaintiff "sent a postal

money order purchased for $1 with hand written statement and a postage stamp, autograph, and thumbprint seal as tenders in an attempt to settle and contract novation" on three accounts. Id. at 10.

After back-and-forth communication with employees of defendant Travis Credit Union, in which plaintiff made various demands for "all property and associated titles and deeds to be released" and for her debts to be extinguished, plaintiff received notices in March and April of 2026 that her accounts for a home loan and a vehicle loan were delinquent, warning her that her home would be sold in foreclosure and her automobile would be repossessed if she did not bring her accounts up to date. Id. at 12. Plaintiff alleges she provided a promissory note that meets the obligation under UCC 3-104, but defendant still has not zeroed out her accounts, and is still fraudulently attempting to collect on a "debt" which she already fulfilled. Id. at 13-14.

Plaintiff filed an Emergency Motion to Enforce Defendants to Return Property on June 20, 2026. ECF No. 2. Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order on July 27, 2026. ECF No. 9. A motion to dismiss (ECF No. 7) is also pending but is not yet ripe.

## II. SOVERIGN CITIZEN IDEOLOGY

Plaintiff's putative claims are based on "sovereign citizen" concepts. While many various sub-groups and ideologies fall under the sovereign-citizen umbrella, the overarching common principle is the belief that, even though "sovereign citizens" physically reside in this country, the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. See Gravatt v. U.S., 100 Fed. Cl. 279, 282 (2011); United States v. Ulloa, 511 Fed. App'x 105, n.1 (2d Cir. 2013). There are many indicia in plaintiff's complaint that her claims are based in sovereign citizen ideology. First and foremost, she specifically identifies herself as a "sovereign." ECF No. 1 at 1. ("i, am sovereign."). Second, the language she uses indicates her belief that that there is a difference between a person who is a corporation, and a person who is a "living woman." Id. at 1 ("I am NOT a Corporation, NOT a Citizen . . ), 32 (defining personhood). Third, plaintiff repeatedly cites the Uniform Commercial Code (e.g., id.

at 1, 24, 32), which has no legal relevance to anything in the complaint and is commonly relied on by sovereign citizens. See Espinda v. Hohenberg, No. 4:23-CV-05155-MKD, 2023 WL 8438559, at *1 (E.D. Wash. Dec. 5, 2023). This list is non-exhaustive.

Courts across he country, including this one, have repeatedly held that sovereign citizen arguments and similar legal theories are meritless. See, e.g., Mackey v. Bureau of Prisons, No. 1:15-CV-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016); Bendeck v. U.S. Bank Nat'l Ass'n, No. CV 17-00180 JMS-RLP, 2017 WL 2726692, at *5 (D. Haw. June 23, 2017) (quoting United States v. Alexio, 2015 WL 4069160, at *2-4 (D. Haw. July 2, 2015)) (noting that courts across the country have rejected "sovereign citizen" and similar theories as "frivolous, irrational [and] unintelligible."); Gravatt v. United States, 100 Fed. Cl. 279, 282 (2011) (noting that sovereign citizens believe they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). So-called sovereign citizens, "like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." Osburn v. Washington State Child Support Enforcement et al., 1:22-cv-3036-MKD (E.D. Wash. Dec. 6, 2022) (ECF No. 25); Joe Elton Mosley, LLC v. Walmart, No. 3:20-CV-00184-MMD-WGC, 2020 WL 1846553, at *3 (D. Nev. Mar. 26, 2020), report and recommendation adopted, No. 3:20-CV-00184-MMD-WGC, 2020 WL 1821307 (D. Nev. Apr. 10, 2020) (quoting Paul v. New York, 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013)).

## III. ANALYSIS

Emergency relief such as a temporary restraining order is an extraordinary measure that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231 requires a party seeking a TRO to file several documents, including a complaint and "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given ...." E.D. Cal. R. 231(c).

Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]" In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1-2 (E.D. Cal. Jan. 29, 2010).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a demonstrated threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Here, plaintiff's motions must fail because the complaint is not likely to succeed on the merits. The complaint, based in sovereign citizen ideology, appears to be frivolous on its face. Therefore, the undersigned recommends that plaintiff's emergency motion (ECF No. 3) and motion for a temporary restraining order and preliminary injunction (ECF No. 9) be denied. The undersigned will consider the pending motion to dismiss when it becomes ripe.

## III. CONCLUSION

Accordingly, IT IS RECOMMENDED that plaintiff's emergency motion (ECF No. 2) and motion for a preliminary injunction and temporary restraining order (ECF No. 9) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

////

////

////

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 3, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE