UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA-GRACE SANDOVAL, Plaintiff, v. TRAVIS CREDIT UNION, Defendant. | No. 2:26-cv-2309 TLN AC (PS) <br> ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff paid the filing fee and is proceeding in this action pro se, and the case was accordingly referred to the undersigned for pretrial purposes by Local Rule 302(c)(21). Plaintiff filed an Emergency Motion to Enforce Defendants to Return Property on June 20, 2026, and a Motion for Preliminary Injunction and Temporary Restraining Order on July 27, 2026. ECF Nos. 2 and 9. The undersigned recommended that these motions be denied. ECF No. 14. Plaintiff objected to the recommendation. ECF No. 16. The recommendation is pending before the District Judge.

Defendant filed motion to dismiss, which is now ripe for consideration on the papers. ECF No. 7. Plaintiff opposed the motion to dismiss. ECF No. 11. Plaintiff filed a supplement to her complaint. ECF No. 12. Plaintiff filed a supplemental opposition to the motion to dismiss. ECF No. 21. Plaintiff also filed a motion to compel discovery. ECF No. 17. For the reasons set forth below, the undersigned recommends that the motion to dismiss be granted, and that this case

be closed. The discovery motion will be DENIED as MOOT in light of the recommendation of dismissal.

## I. Background

### A. The Complaint

On June 3, 2026, plaintiff paid the filing fee and filed a 73-page complaint asserting that the "Bank 'repossessed automobile today. Put house in default, placed to sell house with county without court, without proving standing, authority, nondisclosure issues, trust issues." ECF No. 1 at 6. The complaint identifies plaintiff as "a creation of the Creator the Living God, a living soul (Genisis 1:26-28, Genesis 2:7, Job 32-21-22), a living breathing woman" whose "rights are granted by my Creator, the Living God" and proclaiming she has been "given domain over land, air, and water by my Creator." ECF No. 1 at 8. The complaint states that plaintiff is a "natural born State National, but not a Citizen of the United States;" plaintiff identifies herself as a "sovereign" citizen. Id. Plaintiff "sent a postal money order purchased for $1 with hand written statement and a postage stamp, autograph, and thumbprint seal as tenders in an attempt to settle and contract novation" on three accounts. Id. at 10.

After back-and-forth communication with employees of defendant Travis Credit Union, in which plaintiff made various demands for "all property and associated titles and deeds to be released" and for her debts to be extinguished, plaintiff received notices in March and April of 2026 that her accounts for a home loan and a vehicle loan were delinquent, warning her that her home would be sold in foreclosure and her automobile would be repossessed if she did not bring her accounts up to date. Id. at 12. Plaintiff alleges she provided a promissory note that meets the obligation under UCC 3-104, but defendant still has not zeroed out her accounts and is still fraudulently attempting to collect on a "debt" which she already fulfilled. Id. at 13-14.

### B. Motion to Dismiss

Defendant argues that plaintiff's "complaint should be dismissed without leave to amend under 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim." ECF No. 7 at 3.

////

## II. Analysis

A. This Court Lacks Subject Matter Jurisdiction

1. Legal Standards Governing Motions to Dismiss for Lack of Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019). Under Fed. R. Civ. P. 12(b)(1), a defendant may move for dismissal based upon lack of subject matter jurisdiction. Such a motion may be made on the basis that the complaint fails to establish grounds for federal subject matter jurisdiction as required by FRCP 8(a)(1): lack of federal jurisdiction appears from the "face of the complaint." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). "Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction." S.B. by and through Kristina B. v. Cal. Dept. of Education, 327 F.Supp.3d 1218, 1233 (E.D. Cal. 2018 . 2018).

2. Discussion

Here, plaintiff asserts two grounds for subject matter jurisdiction: federal question and diversity. Neither applies. First, as to federal question, the "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Here, no federal question is presented on the face of the complaint. Plaintiff asserts that her car was repossessed and her house is "in default." ECF No. 1 at 6. These allegations do not give rise to any clear federal cause of action. In her opposition, plaintiff contends that she raises federal claims, but she does not identify what those claims are. ECF No. 11 at 1-2. The court is unable to identify any cognizable federal claims on the face of the complaint.

Second, diversity jurisdiction is lacking. "[A] corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business." Breitman v. May Co. California, 37 F.3d 562, 564 (9th Cir. 1994). Here, the complaint makes clear that all of the parties are citizens of California. ECF No. 1 at 2. Accordingly, with no diversity or federal jurisdiction, this case cannot proceed in federal court.

B. The Complaint States No Claim for Relief

1. Legal Standards Governing Motions to Dismiss for Failure to State a Claim

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,

960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

2. The Complaint is Frivolous and Fails to Comply with Rule 8 and 12(b)(6)

Defendants assert the complaint should be dismissed without leave to amend because it fails to comply with Fed. R. Civ. P. 8 and 12(b)(6). The court agrees that these legal standards are not met, and finds the complaint is frivolous.

As explained in the court's prior findings and recommendations on plaintiff's motion for preliminary relief, plaintiff's putative claims are based on "sovereign citizen" concepts. While many various sub-groups and ideologies fall under the sovereign-citizen umbrella, the overarching common principle is the belief that, even though "sovereign citizens" physically reside in this country, the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. See Gravatt v. U.S., 100 Fed. Cl. 279, 282 (2011); United States v. Ulloa, 511 Fed. App'x 105, n.1 (2d Cir. 2013). There are many indicia in plaintiff's complaint that her claims are based in sovereign citizen ideology. First and foremost, she specifically identifies herself as a "sovereign." ECF No. 1 at 1. ("i, am sovereign.").

Second, the language she uses indicates her belief that that there is a difference between a person who is a corporation, and a person who is a "living woman." Id. at 1 ("I am NOT a Corporation, NOT a Citizen . . ), 32 (defining personhood). Third, plaintiff repeatedly cites the Uniform Commercial Code (e.g., id. at 1, 24, 32), which has no legal relevance to anything in the complaint and is commonly relied on by sovereign citizens. See Espinda v. Hohenberg, No. 4:23-CV-05155-MKD, 2023 WL 8438559, at *1 (E.D. Wash. Dec. 5, 2023). This list is non-exhaustive.

Plaintiff's dispute with defendant is based on her insistence that she does not actually owe the debts secured by her house and vehicle, and that defendant has wrongfully refused her tender. ECF No. 1 at 10, 12-14. The economic "theory" on which plaintiff's putative claims are based is entirely predicated on sovereign citizen concepts. Id. Accordingly, the claims are frivolous as a matter of law.

Courts across the country, including this one, have repeatedly held that sovereign citizen arguments and similar legal theories are meritless. See, e.g., Mackey v. Bureau of Prisons, No. 1:15-CV-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016); Bendeck v. U.S. Bank Nat'l Ass'n, No. CV 17-00180 JMS-RLP, 2017 WL 2726692, at *5 (D. Haw. June 23, 2017) (quoting United States v. Alexio, 2015 WL 4069160, at *2-4 (D. Haw. July 2, 2015)) (noting that courts across the country have rejected "sovereign citizen" and similar theories as "frivolous, irrational [and] unintelligible."); Gravatt v. United States, 100 Fed. Cl. 279, 282 (2011) (noting that sovereign citizens believe they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). So-called sovereign citizens, "like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." Osburn v. Washington State Child Support Enforcement et al., 1:22-cv-3036-MKD (E.D. Wash. Dec. 6, 2022) (ECF No. 25); Joe Elton Mosley, LLC v. Walmart, No. 3:20-CV-00184-MMD-WGC, 2020 WL 1846553, at *3 (D. Nev. Mar. 26, 2020), report and recommendation adopted, No. 3:20-CV-00184-MMD-WGC, 2020 WL 1821307 (D. Nev. Apr. 10, 2020) (quoting Paul v. New York, 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013).

Because plaintiff's claims are based on a frivolous legal theory, and the facts alleged do not suggest any plausible claim for relief, the motion to dismiss must be granted.

**III. Leave to Amend Is Not Appropriate**

Leave to amend is not appropriate in this case because plaintiff's complaint is fatally flawed: it does not establish federal jurisdiction, and it is based on impermissible and frivolous legal theories. It is clear from the allegations that no amendment can remedy these defects. Though a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, that step is not appropriate where, as here, the defects cannot be cured. Noll, 809 F.2d at 1448.

**IV. Conclusion**

Accordingly, it is hereby ordered that plaintiff's motion to compel (ECF No. 17) is DENIED as MOOT.

It is further RECOMMENDED that the motion to dismiss at ECF No. 7 be GRANTED and that the complaint (ECF No. 1) be DISMISSED in its entirety for lack of jurisdiction and frivolity, and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 21, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE