UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA-GRACE SANDOVAL,<br>Plaintiff,<br>v.<br>TRAVIS CREDIT UNION et al.,<br>Defendants. | No. 2:26-cv-2309-TLN-AC<br><br>**ORDER** |

Plaintiff is proceeding in this action in pro per. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On August 4, 2026, the magistrate judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 14.) Plaintiff has filed objections to the findings and recommendations. (ECF No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

On September 22, 2026, the magistrate judge filed further findings and recommendations. (ECF No. 22.) In the further findings and recommendations, the magistrate judge recommended

that Defendants' Motion to Dismiss (ECF No. 7) be granted and the Complaint (ECF No. 1) dismissed without leave to amend. It appears, however, that Plaintiff has filed an amended complaint within the time prescribed by Federal Rule of Civil Procedure 15(a)(1)(B). (ECF No. 12.) While the magistrate judge construed this filing as a supplement to the Complaint (ECF No. 22 at 1), it appears to the Court that it does not "set[] out any transaction, occurrence, or event that happened after the date of the" Complaint, but is, rather, a full and complete pleading in itself. Fed. R. Civ. P. 15(d).

An amended complaint supersedes the original pleading for all purposes and renders moot any pending motion to dismiss. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1009 (9th Cir. 2015) ("Because the timely filed Second Amended Complaint mooted the motion to dismiss, we reverse the district court's grant of Defendants' motion to dismiss the superseded First Amended Complaint and the resulting dismissal of the Plaintiff's case.").

However, the Court lacks subject matter jurisdiction over the amended complaint in any case and is under an independent obligation to dismiss the action. Fed. R. Civ. P. 12(h)(3). Plaintiff invokes federal question jurisdiction under 8 U.S.C. § 1331 by alleging violations of 12 U.S.C. § 503 and 18 U.S.C. § 1005. (ECF No. 12 at 1.) While Plaintiff cites to federal statutes in name, the face of the complaint does not give rise to any colorable claim under federal law. *See Dennison v. Stowers*, No. 1:22-CV-00336-JLT-SKO, 2022 WL 2214254, at *3 (E.D. Cal. June 21, 2022), *report and recommendation adopted sub nom. Dennison v. Whitten Stowers*, No. 1:22-CV-0336-JLT-SKO, 2022 WL 2918327 (E.D. Cal. July 25, 2022) ("Here, it is clear from the face of the complaint that the Court lacks subject matter jurisdiction and the nature of the asserted claims precludes any possibility that Plaintiff could cure the jurisdictional defect by amendment."). 18 U.S.C. § 1005 is a criminal statute and provides no private right of action. *Simms v. Schwab*, No. 3:19-CV-5642 BHS, 2019 WL 3779886, at *3 (W.D. Wash. Aug. 9, 2019).

12 U.S.C. § 503 provides a private right of action against the directors and officers of banks which are members of the Federal Reserve System if they violate certain banking laws. *Lode v. Leonardo*, 557 F. Supp. 675, 678 (N.D. Ill. 1982) ("By its terms, section 503 applies only to banks which are 'members' of the Federal Reserve System."). Plaintiff does not plead that

Travis Credit Union is a member of the Federal Reserve System. (ECF No. 12.) Moreover, the Court takes judicial notice of the fact that Travis Credit Union is not listed as a Federal Reserve member bank by the Federal Reserve System. Fed. R. Evid. 201(c) (court may take judicial notice on its own); *see* Board of Governors of the Federal Reserve System, *State Member Banks Supervised by the Federal Reserve*, Federal Reserve (July 31, 2026), https://www.federalreserve.gov/supervisionreg/state-member-banks-supervised-federal-reserve.htm; *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under [Federal] Rule [of Evidence] 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.") (citing *Hansen Beverage Co. v. Innovation Ventures, LLC,* No. 08–CV–1166–IEG, 2009 WL 6597891, *1 (S.D. Cal. Dec. 23, 2009)). Thus, Plaintiff fails to raise a colorable claim arising under federal law. *See Chavez v. Planet Home Lending, LLC*, No. 2:25-CV-05903-MWC-BFM, 2025 WL 2428006, at *2 (C.D. Cal. July 22, 2025) (dismissing § 503 claim for lack of subject matter jurisdiction where plaintiff failed to allege facts alleging the statute covered defendants).

Plaintiff also alleges state law claims for unjust enrichment and fraudulent conversion. (ECF No. 12 at 4.) In the absence of any viable federal claim, the Court declines to exercise supplemental jurisdiction over these claims. *See Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984) ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed.").

Accordingly, the Court declines to adopt the September 22, 2026, findings and recommendations, dismisses the amended complaint for lack of subject matter jurisdiction, and denies the Motion to Dismiss as moot. Because Plaintiff has already amended the complaint once and has failed to state any cognizable claim, the Court finds amendment would be futile and dismisses with prejudice. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 4, 2026 (ECF No. 14) are ADOPTED in full.

2. Plaintiff's emergency motion (ECF No. 2) and motion for a preliminary injunction and temporary restraining order (ECF No. 9) are DENIED.

3. The Court declines to adopt the findings and recommendations filed September 22, 2026. (ECF No. 22.)

4. The amended complaint (ECF No. 12) is DISMISSED without prejudice for lack of subject matter jurisdiction without leave to amend.

5. The Motion to Dismiss (ECF No. 7) is DENIED as moot.

6. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATE: November 23, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE